**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MEKA THOMSON,

            Plaintiff,                       Civil Action No.1:23-cv-725

     vs.                                  Cole, J.
                                         Bowman, M.J.

MCDONALDS,

            Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against McDonalds. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).   To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be

dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are Afantastic or delusional@ in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint alleges, *inter alia*:

> On October 30, 2023, he went to McDonalds to ask them to replace his order. The manager I talked to said, "you must call back up there, keep the food or recite." At the time of the purchase, buy and get served your food by the cashier employee said "Thank you have a nice day." They never informed me at the time I bought (it) the meal to do what the manager said to do.  This was the first time it happened to me.  I'm in a money crisis, I couldn't afford to lose it. I filed this 12 USC 3410 consumer challenge, on the grounds of their policy of replacement order, breeched of contract they promise to replace with the insurance they pay for to replace it, *Monsler v. Cincinnati,* by not replacing the order they've messed up.  I also notice they don't change their gloves.  We reordered a time of the regular purchase on the phone for failure to train their employee. *Canton, Ohio v. Harris* (1989).

(Doc. 1-1).

Plaintiff's civil cover sheet indicates the complaint asserting claims under 12 U.S.C. ¶ 3410 for failure to train their policy.  (Doc. 1 at 9).  Plaintiff also asserts jurisdiction based on diversity. For relief, Plaintiff's seeks $250,000 "for the emotional and mental and money stress I had to go threw with my life experiences. I was already going threw that

day was the straw that broke the horse back." (Id. at 8).

Upon review of the complaint, the Court finds that Plaintiff's complaint makes broad, conclusory allegations of legal claims, i.e. claims for consumer challenge and for failure to train, but he does not state factual allegations supporting his claims that, if accepted as true, state "'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). The complaint, therefore, does not present a sufficient factual basis to state a claim against Defendant and fails to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (indicating that the short and plain statement of a claim must " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests' ") (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929).

To the extent Plaintiff seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In addition, in order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (*citing State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); see also *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, the complaint indicates that plaintiff and the defendant

are citizens of Ohio.[1] (See Doc. 1 at 1-2, See also Civil Coversheet). Therefore, the complaint does not allege that the citizenship of plaintiff and the defendant is diverse. 28 U.S.C. § 1332(1). This Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

In addition, the Court is without federal question jurisdiction over the complaint. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Plaintiff asserts that he is bringing claims pursuant to 12 U.S.C. §3410, Consumer Challenges. Notably, however, under the Right to Financial Privacy Act ("RFPA"), a customer may move to quash a subpoena for his/her financial records and demonstrate why "the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice." 12 U.S.C. § 3410(a)(2). Here, Plaintiff's complaint fails to allege that his financial records have been subpoenaed by a financial institution.

Additionally, to the extent that Plaintiff's is asserting a claim for failure train, the complaint makes broad, conclusory allegations and does not include sufficient factual allegations supporting such a claim. Notably, purportedly in support of this claim, Plaintiff cites *Monsler v. Cincinnati Cas. Co.*, 74 Ohio App. 3d 321, 598 N.E.2d 1203 (1991) and

---

[1] Notably, a defendant corporation is a citizen of the state in which "it has been incorporated" and of the state in which "it has its principal place of business." 28 U.S.C. § 1332(c)(1). So a complaint "'must allege both the corporation's state of incorporation and its principal place of business.'" *McGhee v. Hybrid Logistics, Inc.*, 599 F. App'x 259, 259 (6th Cir. 2015) (per curiam) (citation omitted).

*City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). However, *Monsler*, involved a declaratory action brought by a real estate broker and agent against insurer alleging that insurer had contractual duty to defend them in underlying federal housing discrimination complaint under terms of comprehensive property and casualty policy.  In *City of Canton,* the Supreme Court determined that a municipality was not liable, as the inadequacy of police training could not be linked to deliberate indifference by particular officers. Plaintiff failed to allege any facts relevant to either case in the complaint.   The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief. Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff has failed to state a claim upon which relief may be granted.

For these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MEKA THOMSON,

        Plaintiff,                       Civil Action No.1:23-cv-725

    vs.                               Cole, J.
                                      Bowman, M.J.

MCDONALDS,

        Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).