UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEKA THOMSON,

        Plaintiff,

                                      Case No. 1:23-cv-725

   v.

MCDONALDS,                        JUDGE DOUGLAS R. COLE
                                       Magistrate Judge Bowman

        Defendant.

## ORDER

Meka Thomson sued over a cheeseburger. On October 30, 2023, Thomson ordered a meal from a McDonald's restaurant on East Galbraith Road in Cincinnati, Ohio. (Compl., Doc. 4, #16–18). Thomson alleges that she asked the restaurant to replace the order for some unspecified reason. (*Id.* at #16). The manager apparently[1] refused to do so. (*Id.*). Thomson responded by suing and seeking leave to proceed in forma pauperis (IFP). (Doc. 1). Magistrate Judge Bowman granted leave. (Doc. 3). But pursuant to her screening authority under 28 U.S.C. § 1915, Magistrate Judge Bowman also issued a Report and Recommendation (R&R) recommending that this Court sua sponte dismiss the claim with prejudice because it fails to state a claim upon which relief can be granted. (Doc. 5, #24). Magistrate Judge Bowman provided notice that Thomson had fourteen days to object to the R&R. (Doc. 5, #25). Thomson has not objected. While the Court agrees that the Complaint should be dismissed, it

---

[1] The Complaint is filled with incomplete and illogical sentences and is borderline incomprehensible. In light of that, the Court does its best to faithfully report Thomson's allegations.

does so for slightly different reasons and chooses to dismiss without prejudice. Accordingly, the Court **ADOPTS IN PART**, **MODIFIES IN PART**, and **REJECTS IN PART** the R&R (Doc. 5), and **DISMISSES** the Complaint (Doc. 4) **WITHOUT PREJUDICE**.

Reading the Complaint as generously as possible, the Court believes that Thomson asserts three claims: a "consumer challenge" under 12 U.S.C. § 3410, a breach of contract claim under Ohio law, and a claim asserting McDonald's "failure to train" its employees. (Doc. 4, #16, 18).

As to the first claim, the R&R concludes that the Court lacks federal question jurisdiction because the Complaint does not "allege facts showing the cause of action involves an issue of federal law." (Doc. 5, #23). The Court agrees. The statute at issue, 12 U.S.C. § 3410, provides a mechanism for a customer of a financial institution to object to a government subpoena that would cover his or her financial records. It has nothing to do with customer rights in sales transactions, whether for cheeseburgers or anything else. And because the Complaint's allegations on this front are "so insubstantial, implausible … [and] completely devoid of merit," they do not "involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Accordingly, the Court lacks jurisdiction over this claim.

The Court also lacks jurisdiction over the breach of contract claim. A breach of contract claim is a state-law claim. The Court has jurisdiction over state-law claims in only two circumstances: (1) supplemental jurisdiction over a state-law claim when there is a related, federal-question claim in the same case, *see* 28 U.S.C. § 1367; or

2

(2) diversity jurisdiction, *see* 28 U.S.C. § 1332. Neither is present here. Regarding the former, as just discussed, while Thomson cites a federal statute, the 12 U.S.C. § 3410 claim is so frivolous that federal question jurisdiction does not attach. And as to the latter, the Complaint is devoid of allegations[2] regarding the parties' citizenship, which is a problem as "[t]he plaintiff bears the burden of establishing that jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The Court therefore lacks jurisdiction over the breach of contract claim.

So too with the third and final claim. This claim merely alleges that McDonald's failed to train its employees. As best the Court can tell, this is some form of negligence claim grounded in tort. But once again, a tort claim is a state-law claim. Thus, for the reasons stated above, the Court lacks jurisdiction over this claim, too.

The R&R's analysis differs slightly. It concludes that the cursory allegations in the Complaint fail to allege a viable cause of action and that therefore Thomson has failed to state a claim upon which relief can be granted. (Doc. 5, #24). While this is certainly true, as described above, the Court lacks jurisdiction over the claims in the first instance. And "[s]ubject matter jurisdiction is always a threshold determination." *American Telecom, LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). *See also Steel Co.*, 523 U.S. at 94 ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when

---

[2] The Civil Cover Sheet for Thomson's Complaint contains checkboxes indicating that both parties are citizens of "this" state (here, Ohio). (Doc. 4-1). But the cover sheet is not part of the pleading and does not constitute an allegation, so the Court does not consider it as an allegation of citizenship. *Brewster v. Aramark Corp.*, No. 2:14-cv-273, 2014 WL 3867284, at *1 (S.D. Ohio Aug. 6, 2014). And, of course, even if it did count, an allegation that both parties are citizens of the same state would counsel *against* a finding of diversity jurisdiction.

it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). So the Court concludes that it cannot consider the merits (or, perhaps more accurately, lack thereof) of Thomson's claims.

Finally, because Thomson is proceeding IFP, the Court must assess, pursuant to 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good faith." Because Thomson's Complaint clearly fails to invoke the Court's subject matter jurisdiction, "any appeal of this decision would not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 1:22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). The Court therefore certifies that any appeal taken from this Order would not be in good faith and denies Plaintiff leave to appeal IFP.

The Court **ADOPTS IN PART**, **MODIFIES IN PART**, and **REJECTS IN PART** the R&R (Doc. 5). Because the Court lacks jurisdiction over all the claims in the Complaint, the Court **DISMISSES** the Complaint (Doc. 4) **WITHOUT PREJUDICE**. *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) ("[D]ismissals for lack of jurisdiction should generally be made without prejudice."). And because the Court is dismissing all of the claims in the Complaint, the Court further makes clear that it **DISMISSES** the action itself. *Estep v. Comm'r of Soc. Sec.*, No. 1:22-cv-474, 2024 WL 126382, at *7 (S.D. Ohio Jan. 11, 2024). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal taken from this Order would not be made in good faith, and **DENIES** Thomson leave to appeal in forma pauperis.

4

Finally, the Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    **SO ORDERED.**

<u>March 22, 2023        </u>         <u>                                                  </u>
**DATE**                                                                   **DOUGLAS R. COLE**
                                                                   **UNITED STATES DISTRICT JUDGE**